UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN STAHL,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

No. CV-08-170-FVS

ORDER DENYING AND GRANTING SUMMARY JUDGMENT

**THIS MATTER** comes before the court based upon cross motions for summary judgment. The plaintiff is represented by Gary Randall, James J. Workland, and Eric J. Sachtjen. The defendant is represented by Jennifer D. Auchterlonie.

**RELIEF REQUESTED**

John Stahl and his family are members of the Stahl Hutterian Brethren ("SHB"). The SHB is part of the Hutterite movement. Hutterites live in colonies; emphasizing communal life. The SHB provides food and medical care to its members. Mr. Stahl sought to persuade the Internal Revenue Service ("IRS") that the SHB may deduct, as an ordinary and necessary business expense, the sums it expended on food and medical care for him and his family during 1997, 1998, and 1999. The IRS rejected Mr. Stahl's interpretation of the Internal Revenue Code ("I.R.C."). As a result, he paid the tax demanded by the IRS and then commenced this action against the United States seeking a

Order - 1

refund.

**BACKGROUND**

The SHB is like an extended family.  Its core is composed of eight siblings and their respective spouses.  Each couple has produced children.  Consequently, the colony now numbers about 65 men, women, and children.  Each one of them is a member of the SHB.  The SHB farms approximately 30,000 acres of land.  Much of the SHB's energy is devoted to growing potatoes, but the SHB also maintains dairy cattle. Every member works on the farm when he or she is old enough.  However, no member receives wages for the work he or she performs.  Nor does any member own property.  To the contrary, the SHB maintains a common treasury.  From this, the SHB provides for its members' needs.  Not only does the SHB provide houses on the farm for its member families to live in, but also the SHB serves meals to its members in a common dining hall.  Should a member require medical care, the SHB pays for it.  All of this the SHB does as a matter of religious conviction; even for those of its members who are unable to work.

The members of the SHB perform most, but not all, of the work that is necessary to operate the farm.  Some needs are met by nonmembers.  For example, the SHB hires a limited number of nonmember school teachers to help educate its families' children.  The SHB does not provide housing or meals to its nonmember employees; although, on occasion, a teacher might be invited to have lunch in the SHB dining hall.  The SHB pays wages to its nonmember employees, and it makes contributions on their behalf to government-mandated benefit programs.

The SHB is a nonprofit religious or apostolic corporation.  26

U.S.C. § 501(d).  Thus, it does not pay corporate income tax or accumulated income tax.  *See Kleinsasser v. United States*, 707 F.2d 1024, 1026 (9th Cir.1983).  Rather, each member employee pays personal income tax on his or her pro rata share of the SHB's taxable income.  *See Stahl v. United States*, 626 F.3d 520, 521 (9th Cir.2010).  As a result, the calculation of the SHB's taxable income is of considerable significance to each member employee.  The SHB's taxable income consists of its gross income less any corporate deductions it is eligible to take.  Corporate taxable income is allocated proportionately to the SHB's member employees.  *See id.*  Each member employee's share is treated as a dividend for tax purposes.  *See Kleinsasser*, 707 F.2d at 1026.  As explained above, each member employee pays personal income tax on his or her pro rata share.

   Mr. Stahl filed this action during 2008 as a result of the IRS' determination that the SHB may not deduct from its taxable income the cost of medical care and food that it provided to him and his family during 1997, 1998, and 1999.[1]  The parties filed cross motions for summary judgment.  Mr. Stahl made the following argument:  The SHB's members are its employees.  The SHB compensates its member employees by providing food and medical care.  Since food and medical care are employee compensation, the SHB may deduct its expenditures for those items as a corporate-level business expense under I.R.C. § 162(a)(1).

   The threshold issue was whether the members of the SHB are its

---

[1] Mr. Stahl is the only member of the SHB who is a party to this action.  Nevertheless, the United States has agreed the judgment will apply equally to all of the members.

Order - 3

employees.  This Court ruled against Mr. Stahl.  The Ninth Circuit reversed:

> On balance, the individual Hutterites, who work for the SHB business, should be seen as common law employees of SHB insofar as they perform the work of that business.  They are permanent workers on SHB's grounds and SHB can both insist that they perform their assigned tasks at the proper times and can direct the detail of that performance.  Despite the fact that SHB and those members who work for it have a myriad of interconnected relationships, one of those relationships is operation of and working in a business.  That connection is most like the relationship between an employer and employee, and should be so treated for tax purposes.
>
> That said, just how any particular claimed deduction should be treated at the corporate level remains to be seen.  For example, whether, and to what extent, meal expenses can be deducted is a complex issue of its own; it is one that the district court should resolve in the first instance.  It can do so upon remand.

*Stahl*, 626 F.3d at 527.

The case is now back before this Court.  Once again, the parties have filed cross motions for summary judgment.  The standard is well established.  A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  Neither party claims any material fact is the subject of a genuine dispute.

**PARTIES' POSITIONS**

The disagreement between Mr. Stahl and the United States involves

corporate-level deductions. He argues the SHB may deduct the cost of the meals and medical care that it provided to him and his family during 1997, 1998, and 1999 as "ordinary and necessary" business expenses. I.R.C. § 162(a)(1).[2] He bears the burden of establishing deductibility. "'[A]n income tax deduction is a matter of legislative grace[.]'" *Stahl*, 626 F.3d at 522 (quoting *Interstate Transit Lines v. Comm'r*, 319 U.S. 590, 593, 63 S.Ct. 1279, 87 L.Ed. 1607 (1943)). "'[T]he burden of clearly showing the right to the claimed deduction is on the taxpayer.'" *Id.*

The United States argues Mr. Stahl has failed to establish the SHB is entitled to a deduction for its expenditures for food and medical care. Mr. Stahl and his family would have needed food and medical care whether or not they were members of the SHB. This demonstrates, says the United States, that their food and medical care are personal expenses. *See, e.g., Moss v. Comm'r*, 758 F.2d 211, 212 (7th Cir.1985) ("most people would eat lunch even if they didn't work"). The United States observes that § 262(a) of the I.R.C. prohibits a taxpayer from deducting personal expenses. *Id.* ("Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.").

Mr. Stahl denies § 262(a) applies to corporate expenditures. Even if it does, § 262's broad prohibition is subject to exceptions. A corporation may deduct "all the ordinary and necessary expenses paid

---

[2] Mr. Stahl is not asking the Court to rule the meals in question are deductible at the "employee" level under I.R.C. § 119.

Order - 5

or incurred during the taxable year in carrying on any trade or business, including . . . a reasonable allowance for salaries or other compensation for personal services actually rendered[.]" I.R.C. § 162(a)(1). Mr. Stahl cites instances in which the Tax Court has authorized a corporation to deduct the medical care and food it provided to its employees. *See, e.g., Waterfall Farms, Inc. v. Comm'r*, T.C. Memo. 2003-327, 2003 WL 22838540 at *7 (U.S. Tax Ct. 2003) (insurance premiums and medical expenses); *Harrison v. Comm'r*, T.C. Memo. 1981-211, 1981 WL 10522 (U.S. Tax Ct. 1981) (groceries).

The United States concedes § 162(a) represents an exception to § 262's broad prohibition against deductions for personal expenses. However, as the United States points out, courts frequently have rejected proposed deductions under § 162. *See, e.g., Moss*, 758 F.2d at 214 (a partner of a law firm was not allowed to deduct the cost of his business lunches); *Dobbe v. Comm'r*, T.C. Memo. 2003-330, 2000 WL 1586383 at *9, *16 (U.S. Tax Ct.2000) (a closely held corporation was not allowed to deduct the grocery expenses of its shareholder-officers), *aff'd* 61 Fed. Appx. 348 (9th Cir.2003); *Hankenson v. Comm'r*, T.C. Memo. 1984-2000, 1984 WL 144455 (U.S. Tax Ct.1984) (a professional corporation was not allowed to deduct the business lunches of its sole shareholder). The United States urges this Court to do likewise. The United States places great weight upon Treasury Regulation 1.162-7(a):

> There may be included among the ordinary and necessary expenses paid or incurred in carrying on any trade or business a reasonable allowance for salaries or other compensation for personal services actually rendered. The

Order - 6

>   test of deductibility in the case of compensation payments
>   is whether they are reasonable and are in fact payments
>   purely for services.

In *Elliotts, Inc. v. Commissioner*, 716 F.2d 1241, 1243 (9th Cir.1983), the Ninth Circuit recognized that the second sentence of § 1.162-7(a) establishes a two-part test for assessing the deductibility of a corporation's compensation payments to a person who is both an employee and a principal shareholder. "First, the amount of compensation must be reasonable; second, the payment must be purely for services, or have a purely compensatory purpose." *O.S.C. & Assocs., Inc. v. Commissioner*, 187 F.3d 1116, 1120 (9th Cir.1999). The Ninth Circuit uses the *Elliotts-O.S.C.* test in order determine whether a putative compensation payment includes a disguised dividend. *LabelGraphics, Inc. v. Commissioner*, 221 F.3d 1091, 1095 (9th Cir.2000) ("This case presents the classic tension between characterization of payments as employee compensation, which is deductible, and characterization of payments as a dividend, which is not deductible."). Although the United States does not allege Mr. Stahl received a disguised dividend from the SHB, the United States argues the *Elliotts-O.S.C.* test applies here.

   The second prong of the *Elliotts-O.S.C.* test requires a showing of "compensatory purpose." The United States acknowledges Mr. Stahl is an employee of the SHB, and an employee ordinarily is compensated by his employer for the services he performs. Nevertheless, in the United States' opinion, Mr. Stahl's status as an employee is not enough to demonstrate the SHB's decision to provide food and medical care was motivated by a compensatory purpose. More is required.

Order - 7

According to the United States, Mr. Stahl must show the SHB provided him with food and medical care in order to secure his services on the farm. This he cannot do, says the United States. For one thing, he did not bargain with the SHB to work on its farm in exchange for food and medical care. For another thing, the SHB provides for the needs of each of its members irrespective of his or her ability to work. In the United States' opinion, the preceding circumstances indicate the SHB lacked a compensatory purpose. As the United States views the record, the SHB provided food and medical care in order to fulfill the tenets of Hutterite doctrine.

**ANALYSIS**

A. Food

There are at least three paths the SHB could follow in order to arrive at a deduction for food expenses under I.R.C. § 162(a). To begin with, the SHB could prove the meals in question are "different from or in excess of that which would have been made for the taxpayer's personal purposes." *Moss*, 758 F.2d at 213 (internal punctuation and citation omitted). In the alternative, the SHB could prove its decision to serve meals to members on the farm was necessary within the meaning of § 162(a). *Harrison*, 1981 WL 10522. Finally, the SHB could prove it provided the meals to Mr. Stahl as "other compensation." I.R.C. § 162(a)(1). These paths will be examined in order.

The first path is closed to the SHB because there is nothing unusual about the meals it provided to its member employees. Mr. Stahl does not deny he and his fellow member employees would have

eaten essentially the same meals whether or not they worked for the SHB.  The second path, by contrast, is open to the SHB.  As Mr. Stahl points out, the SHB farms approximately 30,000 acres of land.  Among other things, the SHB grows potatoes and maintains dairy cattle.  While the SHB may not need to retain employees on the farm around the clock in order to grow potatoes, maintaining dairy cattle is another matter.  The demands of maintaining dairy cattle are such that it is appropriate and helpful to have employees on the farm around the clock.  Employees must be fed.  In that sense, providing meals to Mr. Stahl and his family was necessary.  *See Welch v. Helvering*, 290 U.S. 111, 113, 54 S.Ct. 8, 8, 78 L.Ed. 212 (1933) (an expense is necessary if it is appropriate and helpful for the development of the business).  That leaves the third path.  It, too, is open.  For years, Mr. Stahl has rendered personal services to the SHB.  The only issue is whether the SHB has provided him with food and medical care as compensation for the personal services he has rendered.  The United States thinks not; largely because of the nature of the SHB's relationship with its members.  It is true the SHB has never offered its members food and medical care in exchange for the work on the farm.  It is also true the SHB provides for its members needs whether or not they are able to work. Nevertheless, in this situation, food and medical care serve as compensation.  The SHB has created a community that functions largely without wages.  In a wage-less community, employee compensation takes different forms than in a wage-based community.  Instead of salaries, employees receive housing, food, and medical care.  The fact that the SHB has chosen a wage-less

Order - 9

community for religious reasons is irrelevant as long as the items it is claiming as compensation -- *i.e.*, food and medical care -- truly function as compensation in the SHB's community.  They do.  Mr. Stahl is an employee of the SHB.  He works long and hard on its behalf.  He does not receive wages for his work.  Instead, the SHB provides food and medical care, among other things.  He would not be able to perform the services he performs absent these benefits.  Under the circumstances, it is reasonable to treat them as a form of "other compensation" within the meaning of § 162(a)(1).  Consequently, the SHB is entitled to a business deduction.

### B. Medical Expenses

Mr. Stahl alleges the SHB purchased a health plan that covered its members' medical expenses during 1997, 1998, and 1999, and the adult members of the SHB were aware of the plan.  He also alleges the SHB's members obtained medical care pursuant to the plan, and the SHB paid for the charges incurred by its members.  The United States does not dispute the preceding allegations.  Nor does the United States deny the plan is a "health plan" within the meaning Treasury Regulation § 1.106-1.  The latter states, "The gross income of an employee does not include contributions which his employer makes to an accident or health plan for compensation (through insurance or otherwise) to the employee for personal injuries or sickness incurred by him, his spouse, or his dependents, as defined in section 152."  The significance of § 1.106-1 becomes apparent when one considers 1.162-10(a), which states, "Amounts paid or accrued within the taxable year for . . . a sickness, accident, hospitalization, medical

Order - 10

expense, . . . or similar benefit plan, are deductible under section 162(a) if they are ordinary and necessary expenses of the trade or business." (Emphasis added.) In *Waterfall Farms*, the Tax Court explained, "When payments for medical care are properly excludable from an employee's income because they are made under a 'plan for employees,' they are deductible by the employer as ordinary and necessary business expenses under section 162(a)." 2003 WL 22838540 at *7 (citing Treas. Reg. 1.162-10(a)). The United States does not deny that the preceding rule applies here. Consequently, the SHB may deduct the expense of providing medical care to its member employees.[3]

**RULING**

The SHB may deduct from its taxable income, pursuant to 26 U.S.C. § 162, the costs of medical care and food that it provided to Mr. Stahl and his family during 1997, 1998, and 1999. As far as food is concerned, the SHB is entitled to a § 162 deduction for either of two reasons. To begin with, the size of the SHB's operation is such that it is necessary for members to live on the farm and to be fed there. In the alternative, the SHB provided meals to Mr. Stahl as compensation for services he actually rendered. As far as medical care is concerned, it is undisputed the SHB purchased a health plan for its members' benefit and paid for any uninsured charges. These benefits are not treated as employee income. Thus, under § 1.162-

---

[3]Young members of the SHB are dependents of employees. A business that provides medical coverage to the dependents of employees may deduct the expense. *See Waterfall Farms, Inc. v. Comm'r*, 2003 WL 22838540 at *7.

Order - 11

10(a), they are deductible as ordinary and necessary business expenses. Since the disputed food and medical expenses are deductible under § 162, they fall outside the scope of § 262.[4]

**IT IS HEREBY ORDERED:**

1. The "United States' Motion for Summary Judgment" (**ECF No. 54**) is **denied.**

2. Mr. Stahl's "Motion for Summary Judgment" (**ECF No. 49**) is **granted** subject to the concessions his attorney made at oral argument.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to counsel, and close the case.

**DATED** this  20th  day of March, 2012.

> s/Fred Van Sickle
> Fred Van Sickle
> Senior United States District Judge

---

[4] At oral argument, Mr. Stahl's attorney conceded a number of items that are listed in the Affidavit of Thomas M. O'Brien (ECF No. 52) are not deductible. Mr. Stahl must submit an amended affidavit that lists only those items which are deductible. In addition, Mr. Stahl must submit a proposed judgment that lists the specific relief to which he is entitled.

Order - 12